UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY J. MCKENDALL,**<br>  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2470** |
| **U.S. ARMY CORPS OF ENGINEERS**<br>**NEW ORLEANS DISTRICT,**<br>  Defendant | **SECTION "E"** |

# ORDER

Before the Court is a Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by Defendant, the United States Army Corps of Engineers, New Orleans District.[1] The Court has reviewed the briefs, the record, and the applicable law, and now issues this order dismissing Plaintiff's claims without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

On October 28, 2014, Plaintiff Larry J. McKendall, proceeding *pro se*, filed a complaint against the United States Army Corps of Engineers, New Orleans District ("Defendant").[2] Plaintiff alleges that he has been unfairly and discriminatorily denied workers' compensation benefits relating to an on-the-job injury that he sustained in 2001 and that reoccurred in 2006.[3] Plaintiff asserts Defendant "should be held liable for the loss of income for theirs' negligent [sic] and [his] impairment cause [sic] by that injury also for their wrongful acts by not complying too [sic] the laws and regulation."[4]

Defendant moved to dismiss the complaint for lack of subject matter jurisdiction

---

[1] R. Doc. 12.
[2] R. Doc. 1.
[3] *Id.*, p. 1.
[4] *Id.*, p. 8.

1

based on sovereign immunity.[5] Defendant argues Plaintiff has failed to cite any statute which unequivocally waives the sovereign immunity of the Unites States, or its agency. In the alternative, Defendant contends the exclusive remedy provision of the Federal Employees' Compensation Act ("FECA") bars judicial review by this Court of Plaintiff's workers' compensation claim because such decisions are wholly within the discretion of the Secretary of Labor.

The Court notes that Plaintiff filed a nearly identical action against Defendant on December 2, 2011.[6] After allowing Plaintiff two opportunities to amend his complaint to assert a basis for subject matter jurisdiction, the Court ultimately granted Defendant's motion to dismiss for lack of subject matter jurisdiction and dismissed Plaintiff's claims without prejudice on February 11, 2014.[7] In the complaint filed by Plaintiff on October 28, 2014, Plaintiff states: "In my ambiguous way, I try to make a point in my statement to the court on Dec. 2, 2011 *my reasoning is still the same as they are today*, but I hope it is a little bit clear this time on my points in this case."[8] In this case, Plaintiff has likewise had two opportunities to amend his complaint, both after Defendant's motion to dismiss was filed.[9] Unfortunately, the reasoning behind Plaintiff's complaint being the same in this case and the law regarding sovereign immunity being unchanged, Plaintiff's claims again must be dismissed for lack of subject matter jurisdiction.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred

---

[5] R. Doc. 12.
[6] *See McKendall v. U.S. Army Corps of Engineers New Orleans Dist.*, No. 11-2964, 2014 WL 556735, at *1 (E.D. La. Feb. 11, 2014).
[7] *Id.*
[8] R. Doc. 1, p. 2 (emphasis added).
[9] *See* R. Doc. 1; R. Doc. 14; R. Doc. 18.

2

by statute, they lack the power to adjudicate claims."[10] A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject-matter jurisdiction.[11] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[12] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject matter jurisdiction.[13] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[14] "A court's dismissal of a case for lack of subject-matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum."[15]

## ANALYSIS

### A.   Sovereign Immunity

The United States and its agencies are immune to suit except to the extent that sovereign immunity has been waived.[16] Thus, this Court is without jurisdiction to hear Plaintiff's claims unless there is some specific waiver of immunity to the claims Plaintiff attempts to assert against Defendant.[17] It is Plaintiff's burden to demonstrate that this

---

[10] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[11] *See* Fed. R. Civ. P. 12(b)(1).
[12] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[13] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[14] *In re FEMA*, 668 F.3d at 287.
[15] *Advocacy Ctr. for the Elderly & Disabled v. La. Dep't of Health & Hosp.*, 731 F. Supp. 2d 583, 588 (E.D. La. 2010) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).
[16] *See, e.g., La. Dep't of Environmental Quality v. EPA*, 730 F.3d 446, 448 (5th Cir. 2013).
[17] *Id.* "The mere fact that federal legislation protects [certain] rights does not imply that the United States has waived its immunity." *Unimex, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 594 F.2d 1060, 1061 (5th

3

Court has subject matter jurisdiction.[18]

Plaintiff asserts in his complaint that he "feel[s] he ha[s] to seek a waiver of that sovereign immunity of Labor."[19] However, the Court cannot grant such a waiver. Rather, Plaintiff must point to a clear and unequivocal waiver of sovereign immunity by the federal government.[20] The Court has reviewed Plaintiff's complaint, first amended complaint, and second amended complaint[21] along with Plaintiff's opposition to the motion to dismiss[22] and, even construing them liberally in light of Plaintiff's *pro se* status, the Court agrees with Defendant that Plaintiff has not articulated or suggested an applicable waiver of sovereign immunity.

B.   **Federal Employees' Compensation Act**

Plaintiff asserts that he was denied access to the Workers' Compensation Program for workplace injuries, and such claims implicate FECA. FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees and states that "the United States will pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty."[23]

The United States has not waived its sovereign immunity in FECA cases; instead, Congress has expressly prohibited judicial review.[24] Thus, federal courts lack subject

---

Cir. 1979) (per curiam).
[18] *See Ramming*, 281 F.3d at 161.
[19] R. Doc. 1, p. 1.
[20] *See Boehms v. Crowell*, 139 F.3d 452, 463 (5th Cir. 1998).
[21] R. Doc. 1; R. Doc. 14; R. Doc. 18.
[22] R. Doc. 16.
[23] 5 U.S.C. § 8102(a); 20 C.F.R. § 10.1.
[24] 5 U.S.C. § 8128(b). "Congress has placed exclusive jurisdiction in the Department of Labor under FECA to handle federal employee workers' compensation claims." *Harvey v. Potter*, 202 F. App'x 2, 4 (5th Cir. 2006) (unpublished) (citing U.S.C. § 8116(c) (2006); *Benton v. United States*, 960 F.2d 19, 22 (5th Cir. 1992)).

4

matter jurisdiction over claims covered by FECA.[25] Accordingly, the Court lacks jurisdiction to hear Plaintiff's FECA-based claim.

**C.  Federal Tort Claims Act ("FTCA")**

Plaintiff's first amended complaint states he is filing his complaint under the 28 U.S.C. § 1346(b) and the Federal Employees Tort Claims Act, "which give [him] the right to enter this matter into court, and in which it also waives their sovereign immunity in this matter."[26] The FTCA does present a waiver of the United States' sovereign immunity with respect to suits against the federal government based on alleged negligent acts and omissions of its employees.[27]

Assuming Plaintiff is pursuing tort remedies for his workplace injury, his exclusive remedy is the FTCA.[28] But before bringing an FTCA claim, Plaintiff must first exhaust his administrative remedies by presenting the claim to the appropriate agency.[29] Failure to exhaust those administrative remedies deprives this Court of subject matter jurisdiction over an FTCA claim.[30] Plaintiff has not alleged or argued that he has presented a tort claim to any federal agency as required by the FTCA. Accordingly, any claim Plaintiff may be attempting to bring under the FTCA is premature and barred by sovereign immunity.[31]

---

[25] However, some courts have held that they "have the authority to review claims where a substantial constitutional wrong is alleged." *Harvey*, 202 F. App'x at 4 (citing *Garner v. United States Department of Labor*, 221 F.3d 822, 825 (5th Cir. 2000)). Although Plaintiff cites 42 U.S.C. § 1983 in his complaint and claims white employees were treated more favorably than he was treated because they were injured on the job and had no problems filing claims, Plaintiff does not allege a constitutional violation. In any case, Plaintiff's allegations surrounding the denial of his workers' compensation claims would not rise to the level of a substantial constitutional wrong.
[26] R. Doc. 14, p. 1.
[27] *See* 28 U.S.C. § 2674.
[28] 28 U.S.C. § 2679.
[29] 28 U.S.C. § 2675.
[30] *See id.*; *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013).
[31] Plaintiff states in his opposition that "Rule 12(b)(1) does not apply in this matter" because he asserts his claim "to be a simple Commercial Contract under Wage, Labor and Capital in which Congress allow suite in District Court and sovereign immunity does not apply. The bases of [his] compliant is a Contract

### D.     EEO Claim

Plaintiff's amended complaint states he filed an EEO complaint on June 11, 2002 for discrimination for not receiving the rights to the Workers' Compensation Program.[32] In order to bring a civil action appealing a federal agency's final action, an employee must exhaust his administrative remedies as well as file timely suit within ninety days of receipt of the Commission's final decision on appeal.[33] It is unclear from the record in this case how Plaintiff's EEO complaint was resolved.[34] Thus, Plaintiff has failed to meet his burden of alleging exhaustion of administrative remedies with respect to an EEO complaint.

## CONCLUSION

Plaintiff has failed to identify a waiver of sovereign immunity or other basis for judicial review of his FECA-based claim against Defendant Army Corps of Engineers, New Orleans Division.[35] Accordingly;

**IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.[36]

---

Breach Tort. . . ." R. Doc. 16, p. 1. To the extent this argument is reasserting a claim under the FTCA, it fails for the same reasons as articulated in the FTCA analysis. To the extent Plaintiff is claiming breach of contract, FECA would provide Plaintiff's exclusive remedy.

[32] R. Doc. 14, p. 1.

[33] 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.

[34] However, in the prior case, the record established that Plaintiff's EEO complaint was settled in 2003. Plaintiff filed a complaint in 2006 that the settlement had been breached, but that complaint was denied on August 4, 2008. He then filed suit on December 2, 2011, "over three years after notification of that final decision and thus after his ninety-day window for bringing a Title VII suit had closed." Accordingly, the court dismissed this claim. *See McKendall v. U.S. Army Corps of Engineers New Orleans Dist.*, No. 11-2964, 2014 WL 556735, at *2 (E.D. La. Feb. 11, 2014) (further stating "[w]hether or not this defect is jurisdictional, dismissal without prejudice is warranted because Plaintiff has failed to exhaust his administrative remedies and makes no waiver or estoppel argument").

[35] Nor has he alleged a "substantial constitutional wrong" which might give rise to jurisdiction. *See Harvey v. Potter*, 202 F. App'x 2, 4 (5th Cir. 2006).

[36] The Court notes that if Plaintiff files another complaint in district court in which he alleges the same or similar facts as alleged in Plaintiff's previous complaints, this alone will not cure the jurisdictional deficiencies and will result in dismissal for lack of subject matter jurisdiction for the same reasons as articulated in this order.

**New Orleans, Louisiana, this 29th day of May, 2015.**

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE